# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2026

Lyle W. Cayce
Clerk

———————

No. 24-20535

———————

STOREY MOUNTAIN, L.L.C.,

*Plaintiff—Appellant*,

*versus*

JPMORGAN CHASE BANK, N.A.,

*Garnishee*,

DANIEL J. WELDON, *Successor Trustee of* THE MARY KATHERINE WELDON TRUST,

*Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-MC-524

———————————————————————

Before WIENER, ENGELHARDT, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-20535

James W. Weldon, Jr. ("James") signed a last will and testament directing that much of his estate would pass into trusts, which he called "Child's Trusts." The will stated that the "Trustee shall distribute to the child, as primary beneficiary, and may distribute to his or her descendants (if any), as secondary beneficiaries, so much or all of the income and principal of the child's trust . . . as the Trustee determines to be appropriate to provide for their continued health, maintenance, support, and education . . . ." After James passed away, his daughter Mary Katherine Weldon Mitchum ("Katherine") probated James's will and formed three trusts, one for each of James's surviving children: herself as well as her brothers Daniel J. Weldon ("Daniel") and James W. Weldon ("James Jr."). Katherine would serve as the trustee for each child's trust and Daniel would serve as the first substitute trustee for each trust. Katherine would go on to set up an account for her trust at Fidelity Brokerage Services L.L.C. ("Fidelity").

Later, Katherine was a defendant in an unrelated civil suit that resulted in an adverse judgment. Eventually, that judgment was assigned to Storey Mountain, L.L.C. ("Storey Mountain"). And Storey Mountain sought to garnish Katherine's assets.

Ultimately, the district court concluded Storey Mountain could garnish the trust's account, reasoning that James's will did not create any vested interests in Katherine's trust for her descendants. Thus, the court held that the spendthrift trust's legal and beneficial interests merged, meaning "the Fidelity Account is not a valid spendthrift trust under the doctrine of merger." *See also* Tex. Prop. Code § 112.034 (regarding merger).

Daniel, as substitute trustee, then filed a motion pursuant to Federal Rule of Civil Procedure 59(e). Daniel argued that merger only occurs if the

2

trustee is the only beneficiary. And he pointed out that there were other beneficiaries of Katherine's trust.

The district court granted Daniel's Rule 59(e) motion. The district court explained that its prior ruling overlooked additional contingent beneficiaries—Katherine's children. All told, the court found that the trust did not merge. So the district court vacated its prior order and granted Daniel's Rule 59(e) motion as well as his application to dissolve Storey Mountain's writ of garnishment.

Storey Mountain appealed. But it failed to properly invoke this court's diversity jurisdiction. In brief, a limited liability company must plead that its members are completely diverse from the defendant. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019). But Storey Mountain did not do so. *See Storey Mountain, L.L.C. v. JPMorgan Chase Bank, N.A.*, 159 F.4th 294, 295 (5th Cir. 2025) (order).

After Storey Mountain confirmed it had incorrectly invoked the federal courts' diversity jurisdiction, we remanded for jurisdictional discovery. *Id.* That discovery concluded and confirmed that diversity jurisdiction exists. So both the district court and this court can reach the merits.

After reviewing the record, briefing, and parties' arguments, we find no reversible error.

AFFIRMED.